UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANTON IAGOUNOV,<br><br>                    Petitioner,<br>    v.<br><br>UNITED STATES DISTRICT COURT OF NEVADA, et al.,<br><br>                    Respondents. | Case No. 3:25-cv-00365-ART-CDS<br><br>DISMISSAL ORDER |

*Pro se* Petitioner Anton Iagounov, a federal pretrial detainee, has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 1 ("Petition").) After reviewing the Petition under the Rules Governing Section 2254 Cases,[1] the Court dismisses the Petition.

I.   **BACKGROUND**

On May 8, 2025, Iagounov was indicted on fifteen counts of false information and hoax in *United States of America v. Anton Andreyevich Iagounov*, 3:25-cr-00017-ART-CSD-1.[2] Iagounov's jury trial is currently scheduled for August 26, 2025. In his Petition, Iagounov presents the following grounds for relief: (1) the Indictment lacks probable cause, (2) he has been the target of vindictive prosecution, (3) his extradition from Mexico to the United States lacked due process, (4) there was collusion by the grand jurors, (5) jurisdiction rests with the Department of Defense, and (6) the FBI conspired with the Carson City Sheriff's Office. (ECF No. 1.)

---

[1] The Court exercises its discretion to apply the rules governing § 2254 petitions to this § 2241 action. (Rule 1(b) of the Rules Governing Section 2254.)
[2] The Court takes judicial notice of the docket records in case number 3:25-cr-00017-ART-CSD-1.

1

## II. DISCUSSION

A 28 U.S.C. § 2241 petition is the appropriate vehicle for a petitioner who wishes to challenge the execution of his sentence. *See United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984) ("Review of the execution of a sentence may be had through petition for a writ of habeas corpus under 28 U.S.C. § 2241."). Comparatively, a 28 U.S.C. § 2255 motion to the trial court is generally the appropriate vehicle for a defendant challenging the validity of a federal sentence or conviction. *See* 28 U.S.C. § 2255(a) (stating that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence"). As such, federal petitioners are limited from seeking relief under § 2241. *See Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999). There is an exception to this limitation, which "permits a federal prisoner to file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is inadequate or ineffective to test the legality of his detention." *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006) (internal quotation marks omitted). In other words, the petitioner "must never have had the opportunity to raise [his] claims by motion." *Ivy v. Pontesso*, 328 F.3d 1057, 1060 (9th Cir. 2003).

Iagounov is a federal pretrial detainee, seeking relief concerning the validity of his pretrial detention and Indictment. As such, the proper vehicle for Iagounov's claims is through a motion or petition in his criminal case. The Court dismisses the Petition in the instant action. This disposition, however, is without prejudice to any motion or petition Iagounov's counsel may wish to file in his criminal proceedings.

## III. CONCLUSION

It is therefore ordered that the Petition [ECF No. 1] is dismissed.

2

1    It is further ordered that a Certificate of Appealability is denied because
2 reasonable jurists would not find the Court's conclusions to be debatable or
3 wrong.
4    It is further kindly ordered that the Clerk of the Court enter judgment
5 accordingly and close this action.
6    DATED THIS 23rd day of July 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE